IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    CIV 16-0563 MV/KBM
                                                    CR  09-0900 MV

MARTIN MICHAEL YBARRA,

    Defendant.

**ORDER OVERRULING DEFENDANT'S OBJECTIONS AND ADOPTING THE CHIEF MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on the Chief Magistrate Judge's Proposed Findings and Recommended Disposition ("PF&RD") (*Doc. 10*)[1], filed February 15, 2017, and on Defendant's Objections to that PF&RD ("Defendant's Objections") (*Doc. 11*), filed on March 1, 2017. The Court has also considered the United States' Response to Defendant's Objections (*Doc. 12*), which was filed on March 8, 2017.

In her PF&RD, the Chief Magistrate Judge recommended that Defendant Martin Michael Ybarra's ("Defendant's") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be denied and that his claims be dismissed with prejudice. *See Doc. 10.* She reasoned that, following *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson II*"), Defendant's prior convictions for federal bank robbery under 18 U.S.C. § 2113(a) remain "violent felonies" under the Armed Career Criminal Act's ("ACCA's") force clause. *See id.* Defendant now asks this Court to reject the

---

[1] Citations to "Doc." refer to docket numbers filed in Civil Case No. 16-0563 MV/KBM.

recommendation by the Chief Magistrate Judge and to hold, instead, that federal bank robbery does not satisfy the ACCA's force clause and, therefore, does not qualify as a "violent felony" under the Act. *Doc. 11.*

When a party files timely-written objections to a magistrate judge's recommendation, the district court will conduct a *de novo* review and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(C). *De novo* review requires the district judge to consider relevant evidence of record and not merely to review the magistrate judge's recommendation. *In re Griego*, 64 F.3d 580, 583-84 (10th Cir. 1995). "[A] party's objections to the magistrate judge's [PF&RD] must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. One Parcel of Real Prop., with Buildings, Appurtenances, Improvements, & Contents*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Here, the Court conducts a *de novo* review of the record and considers Defendant's objections to the PF&RD, of which there are three: 1) that "[f]ederal bank robbery does not necessarily require proof of violent physical force"; 2) that "[f]ederal bank robbery does not require proof that any use, attempted use, or threatened use of physical force was directed at the person of another"; and 3) that "[t]he cases relied upon by the Court are not persuasive." *See Doc. 11* at 3-9.

First, noting that the phrase "physical force" in the ACCA's force clause has been defined as "violent force . . . capable of causing physical pain or injury," Defendant insists that a robbery statute that requires proof of *de minimus* or even no physical force cannot be considered a "violent felony" under the ACCA. *Doc. 11* at 3 (quoting *Johnson*

2

*v. United States*, 559 U.S. 133 (2010) ("*Johnson I*")). Of course, a defendant may be convicted under § 2113(a) if his taking is by force and violence *or by intimidation*, *see* § 2113(A), and Defendant concedes, as he must, that the Tenth Circuit has "defined intimidation in the context of § 2113(a) as an act by defendant 'reasonably calculated to put another in fear, or conduct and words calculated to create the impression that any resistance or defiance by the individual would be met by force." *Id.* at 6 (quoting *United States v. Lajoie*, 942 F.2d 699, 701 n.5 (10th Cir. 1991)). Nevertheless, Defendant maintains that the offense of federal bank robbery "does not necessarily require that the implied threat *involve physical force*." Doc. 11 at 6 (emphasis added).

Defendant relies upon *United States v. Rodriguez-Enriquez*, 518 F.3d 1191 (10th Cir. 2008) for the proposition that "[o]ffenses that merely require the threat or causation of bodily harm have been held to lack an element of use of force." Doc. 11 at 6.  In *Rodriguez-Enriquez*, the Tenth Circuit held that a conviction for assault by drugging a victim was not a "crime of violence" under U.S.S.G. § 2L1.2's force clause, which, like the ACCA's force clause, includes offenses that have "as an element the use, attempted use or threatened use of physical force against the person of another." *Rodriguez-Enriquez*, 518 F.3d at 1195 (quoting U.S.S.G. § 2L1.2, application note, cmt. N. 1(B)(iii)). Defendant emphasizes the court's conclusion that "drugging by surreptitious means does not involve the use of physical force." Doc. 11 at 6 (quoting *Rodriguez-Enriquez*, 518 F.3d at 1195).

Defendant likewise relies upon *United States v. Torres-Miguel*, 701 F.3d 165 (4th Cir. 2012), in which the Fourth Circuit determined that the California offense of willfully threatening to commit a crime which "will result in death or great bodily injury to another"

3

was also not a "crime of violence" under U.S.S.G. § 2L1.2. *See Doc. 11* at 6. There, the Fourth Circuit explained that "a crime may result in death or serious injury without involving *use* of physical force," observing that threatening to poison a person might contravene the state statute without involving the use or threatened use of physical force. *Id.* at 168-69.

In short, Defendant refers the Court to *Rodriguez-Enriquez* and *Torres-Miguel* to invoke an unlikely scenario – whereby a hypothetical defendant could commit a federal bank robbery by threatening to poison or drug a bank teller – in support of his argument that bank robbery by intimidation does not necessarily require the threat to use physical force.  Besides being more theoretical than realistic,[2] Defendant's argument fails for other reasons.

Four years after its decision in *Torres-Miguel*, the Fourth Circuit, in *United States v. McNeal*, 818 F.3d 141, 156 (4th Cir. 2016), concluded that "*Torres-Miguel* [did] not alter [its] conclusion that § 2113(a) bank robbery is a crime of violence under the § 924(c)(3) force clause." The Fourth Circuit reasoned that federal bank robbery by intimidation, unlike the California offense of threatening to commit a crime that would result in death or great bodily injury, "entails a threat to use violent physical force, and not merely a threat to cause bodily injury." *Id.* at 157.

Moreover, following the Tenth Circuit's decision in *Rodriquez-Enriquez*, the Supreme Court, in *Johnson I*, examined the phrase "physical force" as used in the ACCA's force clause.  While the Court determined that "physical force" meant "violent force" or "force capable of causing physical pain or injury to another person," it also

---

[2] When construing the minimum culpable conduct for an offense, such conduct only includes that in which there is a "realistic probability, not a theoretical possibility" that the statute would apply. *United States v. Harris*, 844 F.3d 1260, 1264 (2017).

4

separately considered the meaning of each of the terms, "physical" and "force." *Id.* at 134. It defined "physical" as a "force exerted by and through concrete bodies – distinguishing physical force from, for example, intellectual force or emotional force." *Id.* at 138; *United States v. Harris*, 844 F.3d 1260, 1264 (10th Cir. 2017) (quoting *Johnson I*). It defined "force" in a number of ways, including "[p]ower, violence, compulsion, or constraint exerted upon a person." *Id.* at 139. In the Court's view, these definitions, particularly the definition of "physical," suggest that while mere offensive touching will not suffice under the ACCA's definition of "physical force," the Supreme Court has not necessarily foreclosed the inclusion of offenses that involve the use of "physical force" through *indirect* means.

Later, in *United States v. Castleman*, 134 S. Ct. 1405 (2014), the Supreme Court again examined the phrase "physical force," this time in the context of 18 U.S.C. § 921(a)(33)(A). *Id.* at 1414. The Court rejected the notion that "deceiving the victim into drinking a poisoned beverage" did not constitute "physical force." *Id.* at 1414-15. It explained that "[t]he use of force . . . is not the act of sprinkling the poison; it is the act of employing poison knowingly as a device to cause physical harm. That the harm occurs indirectly, rather than directly (as with a kick or punch), does not matter." *Id.* at 1415. The Court posited that a contrary conclusion might permit defendants to argue "that pulling the trigger on a gun is not a 'use of force' because it is the bullet, not the trigger, that actually strikes the victim." *Id.*

While *Castleman* dealt with a different statutory provision,[3] and even distinguished the meaning of "physical force" there from the meaning of "physical force"

---

[3] In *Castleman*, the issue was whether a particular offense fell within 18 U.S.C.

5

under the ACCA, *see id.* at 1409-13, courts have nevertheless drawn upon *Castleman's* rationale and concluded that the differences between the statute at issue there and the ACCA are not material on the issue of what it means to "use" physical force. *See, e.g., Kucinski v. United States*, No. 16-CV-201-PB, 2016 WL 4444736, at *4–5 (D.N.H. Aug. 23, 2016) (concluding that the logic used in *Castleman* to define the "use of physical force" extended to the ACCA's force clause); *see also United States v. Williams*, No. 15cr0069 JDL, 2016 WL 1555696, at *8 n.13 (D. Me. Apr. 15, 2016); *United States v. Bell*, No. 15cr0258 WHO, 2016 WL 344749, at *8 (N.D. Cal. Jan. 28, 2016). This Court agrees that the Supreme Court's analysis of what it means to *use* physical force in *Castleman* is helpful even in the ACCA context.

Contrary to Defendant's position, the Court finds that *Johnson I* and *Castleman*, taken together, instruct that a threat to use *indirect* physical force during a bank robbery, such as a threat to use poison, still qualifies as a threat to use violent, physical force under the ACCA. After all, the administration of poison would, no doubt, have a harmful, violent effect on the body of the one who ingests it. *See United States v. Pena*, 161 F. Supp. 3d 268, 282 (reasoning, in the context of § 924(c), that poisoning a person

---

§ 922(g)(9), which prohibits a person who has been convicted of a "misdemeanor crime of domestic violence" from possessing a firearm or ammunition. *See* § 922(g)(9). With exceptions not applicable, a "misdemeanor crime of domestic violence" is defined as an offense that (1) is a misdemeanor under Federal, State, or Tribal law, and (2) which "has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of a victim . . ." § 921(a)(33)(A). The defendant in *Castleman* argued that his predicate offense did not have as an element the "use of physical force." *Castleman*, 134 S. Ct. at 1409. The district court agreed with him based upon the theory that one could commit the offense at issue by causing bodily injury without "violent contact," for example by poisoning their victim. *Id.* The Supreme Court ultimately disagreed with the defendant, however, concluding that in contrast to the ACCA, Congress incorporated the common-law meaning of "force" – that is, even offensive touching – into § 921(a)'s definition of a "misdemeanor crime of domestic violence." *Id.* at 1410. The Court explained that "'[d]omestic violence' is not merely a type of 'violence'; it is a term of art encompassing acts that one might not characterize as 'violent' in a nondomestic context." *Id.* at 1411.

6

would constitute the use of *Johnson I* physical force, as "poison can certainly be a strong enough force to cause physical pain or injury to another person"). Furthermore, given the Tenth Circuit's recent acknowledgement that even a "slap in the face," may rise to the level of violent, physical force, *see Harris*, 844 F.3d at 1265, it would be incongruous to hold that the administration of poison would not also satisfy *Johnson I* physical force.

In his Objections, Defendant refers the Court to *United States v. Eason*, 829 F.3d 633 (8th Cir. 2016), in which the Eighth Circuit determined that Arkansas robbery did not constitute a violent felony under the ACCA, even though the state statute required a defendant to employ or threaten to immediately employ "physical force upon another person." *Id.* at 640-41. There, the Eighth Circuit explained that Arkansas law defined physical force as "[b]odily impact, restraint, or confinement" or the threat thereof. *Id.* Defendant argues that, like the Arkansas robbery statute, § 2113(a) "does not require that any particular quantum of force be used, attempted or threatened." *Doc. 11* at 4.

Similarly, in a Notice of Supplemental Authority filed on May 2, 2017, Defendant advised that the Tenth Circuit had recently issued an Order and Judgment in *United States v. Nicholas*, No. 16cv3043, 2017 WL 1429788 (10th Cir. Apr. 24, 2017) (unpublished) employing similar rationale and finding that Kansas robbery did not constitute a violent felony under the ACCA. *See Doc. 13*. In *Nicholas*, the Tenth Circuit concluded that Kansas robbery -- that is, "the taking of property from the person or presence of another by force or by threat of bodily harm to any person" -- requires "nothing more than de minimis physical contact or the threat of physical contact, which is insufficient to satisfy the ACCA's force requirement." *Nicholas,* 2017 WL 1429788 at

7

\*3. In reaching this conclusion, the Tenth Circuit relied primarily upon *State v. McKinney*, 961 P.2d 1 (Kan. 1998), in which the Kansas Supreme Court found that snatching a purse from a victim's arm, without more, satisfied the threat of bodily harm element of the Kansas robbery statute. *Id.* at \*3-4.

In contrast to its decision in *Nicholas* and to the Eighth Circuit's decision in *Eason*, the Tenth Circuit previously held that Colorado robbery *does* satisfy the force clauses of the ACCA and the career offender sentencing guideline. *See Harris*, 844 F.3d 1260 (Colorado robbery is a "violent felony" under the ACCA); *United States v. Crump*, No. 15-1497, 2017 WL 33530 (10th Cir. Jan. 4, 2017) (unpublished) (Colorado robbery is a "crime of violence" under U.S.S.G. § 4B1.2(a)(1)). In *Harris*, the Tenth Circuit reasoned that Colorado robbery "tracks the elements of common law robbery" which emphasize the "violent nature of the taking" as the "gravaman of the offense." *Harris*, 844 F.3d at 1266-67. Ultimately, the court concluded: "robbery in Colorado requires a 'violent taking,' which we believe is consistent with the physical force required by the ACCA's element's clause." *Id.* at 1266-67.

The Tenth Circuit's contrasting treatment of Kansas and Colorado robbery offenses illustrates a phenomenon which the court acknowledged in *Harris* – that is, "circuit-level decisions have reached varying results" on the question of whether particular state robbery offenses qualify under the ACCA's force clause. *See id.* at 1262 (explaining that at that time, "five courts have found no violent felony and six have found a violent felony"). Significantly, however, while circuit-court decisions addressing state robbery offenses vary widely, every circuit court to address the issue thus far agrees

8

that <u>federal</u> bank robbery satisfies the force clause of the ACCA or similar provisions of federal law.

Further, Kansas robbery, which can be committed by snatching a purse from the arm of an individual on the street, is distinguishable from the offense of federal bank robbery, though the language of the statutes may be similar in some respects. For one thing, federal bank robbery includes an additional and significant statutory element: that the money or property taken *belong to or is in the control or possession of a banking institution*. *See* § 2113(a).  Banking institutions, in contrast to private individuals, are known to employ security guards, surveillance, and substantial protections to thwart would-be robbers. And while the modified-categorical approach counsels against consideration of the underlying facts in a particular case, it does not necessitate dispensing with common sense or context.

In the context of a bank robbery, it may actually take very little to communicate a threat of violent, even deadly, force to a reasonable bank teller. Even a statement such as, "You better hand over the money!" communicates an "or else" component when it is delivered to a bank teller absent any conduct or language to allay her fears that she may be subject to physical force. Placing bank employees in fear of the use of violent or deadly force is, uniquely, the operative element that facilitates the taking of a bank's money. *See United States v. Slater*, 692 F.2d 107 (10th Cir. 1982) (holding that a jury could conclude that the elements of § 2113(a) were met, even though the defendant accomplished the taking without a weapon or an explicit threat of the use of physical force, given that "a weapon and a willingness to use it are not uncommon" in the context of a bank robbery).

This Court is simply unwilling to agree with Defendant that the sometimes-implicit nature of threats made during a bank robbery dictates that § 2113(a) therefore lacks an element of the use or threatened use of violent, physical force. Instead, the Court finds persuasive the rationale of the District of New Hampshire in *Kucinski*, 2016 WL 4444736:

> § 2113(a) does not require "an explicit threat of force . . . to establish intimidation." A demand note can therefore constitute intimidation, because the note is an implied threat to use force if the teller refuses the robber's demands. Indeed, the threat of physical force is what makes the demand effective – the teller gives the robber money "because she reasonably fear[s] that the robber would use force if [she] did not satisfy his demands." . . . The same is true of the ACCA. Nothing in the ACCA's text requires an <u>explicit</u> threat of physical force.

*Id*. at *4 (internal citations and parentheticals omitted).

Common sense, context, and the applicable jury instruction requiring that a bank robber's conduct cause "a person of ordinary sensibilities [to] be fearful of bodily harm" dictate that federal bank robbery involves at least the threatened use of "force capable of causing physical pain or injury to another person." Ultimately, the Court agrees with the Chief Magistrate Judge that federal bank robbery, even by intimidation, has as an element the threatened use of force of the type contemplated in *Johnson I*. *See United States v. Enoch*, No. 15cr66, 2015 WL 6407763, at *3 (N.D. Ill. Oct. 21, 2015) ("Because intimidation requires a threat, albeit in some cases an implied threat, of violent physical force, robbery [under § 2113(a)] is a crime of violence within the meaning of section 924(c) even though it can be committed by intimidation rather than actual violence."). As such, the Court rejects Defendant's first objection.

Second, Defendant objects on the basis that federal bank robbery does not require proof that any use, attempted use, or threatened use of physical force was

10

directed at the person of another. The Chief Magistrate Judge addressed similar arguments and Defendant's reliance on *United States v. Ford*, 613 F.3d 1263 (10th Cir. 2010) in her PF&RD. *See Doc. 10* at 13. She concluded that the state statute at issue in *Ford*, a statute prohibiting the discharge of a weapon at an unoccupied building or vehicle, was distinguishable from federal bank robbery. *Id*. She reasoned as follows: "In contrast to the crime of shooting at a building, the Court has little difficulty finding that federal bank robbery involves something more than force against property that 'a person happens to occupy at the time.'" *Id*.

Now, in his Objections, Defendant asserts that the Chief Magistrate Judge has "read[] language into the statute that simply is not there." *Doc. 11* at 8. He insists that § 2113(a) "does not require that any threatened force or violence be directed *at* a person, only that the taking be *from* a person or presence of a person." *Id*.  But Defendant's hypertechnical reading of the statute defies common sense. For, to whom or against what would a defendant's threat of force, violence, or intimidation be directed but to the human gatekeeper of the bank's money? According to the applicable jury instruction, federal bank robbery requires a taking "from the person [or] the presence of the person . . . by means of force and violence or intimidation." Tenth Circuit Pattern Jury Instruction No. 2.77 (brackets omitted).  Giving the ordinary and common meaning to the phrase "by means of," the Court reads this jury instruction to require that the taking be from a person or a person's presence *by using against that person* "force and violence or intimidation." Whereas the statute in *Ford* required force against a building or vehicle, § 2113(a) requires the use or threatened use of physical force against a person. The Court rejects Defendant's argument to the contrary.

11

Defendant's final objection is that the cases cited by the Chief Magistrate Judge are not persuasive "because they do not consider all the foregoing arguments." *Doc. 11* at 9. Among the cases relied upon by the Chief Magistrate Judge were *United States v. McBride*, 826 F.3d 293 (6th Cir. 2016), *United States v. Jenkins*, 651 F. App'x 920 (11th Cir. 2016), and *Lloyd v. United States*, 16cv0513 JB/WPL (D.N.M. Aug. 31, 2016). Notably, the Tenth Circuit found these very same cases persuasive in a recently-issued opinion denying a habeas petitioner's application for a certificate of appealability. In *United States v. McGuire*, No. 16-3282, 2017 WL 429251 (10th Cir. Feb. 1, 2017) (unpublished), the Tenth Circuit held that "[e]ven construing the movant's application liberally, no reasonable jurist would debate the district court's denial of habeas relief." *Id.* at *2. When McGuire was pending before the District of Kansas, in a case referenced by the Chief Magistrate Judge in her PF&RD, *see Doc. 10* at 16, District Judge Thomas Marten premised his denial of § 2255 relief upon the rationale that, even following *Johnson II*, federal bank robbery satisfies the force clause of the career offender guideline. *McGuire*, 2016 WL 4479129, at *2-3. The Tenth Circuit, in turn, denied the defendant's application for a certificate of appealability as to Judge Marten's decision, concluding that "[a]lthough § 2113(a) includes a taking 'by intimidation,' courts have stated that 'intimidation' involves the threat of physical force." *McGuire*, 2017 WL 429251, at *2 (citing *McBride*, 826 F.3d at 295-96 and *Lloyd v. United States*, 16cv0513, 2016 WL 5387665, at *5 (D.N.M. Aug. 31, 2016)). It explained that "courts have consistently held that federal bank robbery qualifies as a predicate offense under the Guidelines' [force] clause." *Id.* (citing *McBride*, 826 F.3d at 295-96, *United States v. Jenkins*, 651 F. App'x 920, 925 (11th Cir. 2016), and *United States v. Selfa*, 918 F.2d

749, 751 (9th Cir. 1990)). Significantly, the language of the force clause in the career offender guideline is identical to the language of the force clause in the ACCA. *Compare* U.S.S.G. § 4B1.2(a)(1) *with* 18 U.S.C. § 924(e)(2)(B)(ii). Thus, it appears that the Tenth Circuit, like the Chief Magistrate Judge, has adopted the majority view on this issue and would find that federal bank robbery constitutes a "violent felony" under the ACCA's identical force clause.

For all of these reasons, and following its *de novo* review of the record, the Court overrules Defendant's objections and adopts the Chief Magistrate Judge's recommendation to deny Defendant's § 2255 Motion and to dismiss his claims with prejudice.

**IT IS THEREFORE ORDERED** that Defendant's Objections to the Proposed Findings and Recommended Disposition (*Doc. 11*) are hereby **OVERRULED**;

**IT IS FURTHER ORDERED** that the Chief Magistrate Judge's Proposed Findings and Recommended Disposition (*Doc. 10*) is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is hereby **DENIED**, and his claims are dismissed with prejudice.

**IT IS FURTHER ORDERED** that a certificate of appealability is **GRANTED**.

_____
UNITED STATES DISTRICT JUDGE